1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEREK SYLVESTER,

11              Petitioner,                  No. CIV-S-03-1301 GEB KJM P

12        vs.

13   SCOTT P. RAWERS, et al.,                <u>ORDER AND</u>

14              Respondents.                 <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16              Petitioner is a recently paroled California prisoner[1] proceeding pro se with an

17   application for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner, who filed his

18   application while incarcerated, was recently released from prison after serving a sentence of

19   seven years in the California Department of Corrections.  The sentence was imposed after

20   petitioner pled guilty to several robbery offenses.  Pet. at 13 (page 3 of attached transcript of

21   judgment and sentencing hearing).[2]

22   /////

23   _____

24        [1]  On April 24, 2006, petitioner informed the court that his new address is a residential
     address in Sacramento.

25

26        [2]  The abstract of judgment attached to respondents' answer as Ex. A is that of "Michelle
     Victoria Williams," not petitioner.

                                               1

1    In his application, petitioner asserts that a term of his plea agreement was that he

2 would receive one day of good conduct sentence credit for every two days served in prison, such

3 that he would serve "50% time."  Pet. at 5.  Petitioner claims his plea agreement was breached

4 because he actually received good conduct sentence credit at the rate of 15 days for every 100

5 days served, such that he was required to serve "85% time."  Id.  Petitioner asks for specific

6 performance of the plea agreement he believes he accepted.  Traverse at 3:1-4:20.  Without

7 deciding whether this court would even have authority to do so, the court notes that ordering

8 specific performance of petitioner's plea agreement at 50 percent time would afford petitioner no

9 relief because he has now been released from prison.

10    Respondents do not necessarily agree that 50 percent time was a term of

11 petitioner's plea agreement.  Answer at 6:7-8.  However, respondents admit that petitioner did

12 not plead guilty "'with the full understanding of the consequences' of his plea."  Id. at 2:24,

13 6:15-22.  While respondents cite to 28 U.S.C. 2254(d) in their answer, they do not discuss the

14 application of that statute to this case, or argue that it bars granting a writ based on petitioner's

15 request.  See Answer at 3-7.  Rather, because petitioner's guilty plea was not fully informed,[3] as

16 respondents concede, respondents ask that this action be returned to the Superior Court of

17 Sacramento County, and petitioner be given an opportunity to withdraw his guilty plea.  Id. at

18 6:18-22.

19    After careful consideration of the record before the court, and giving appropriately

20 great weight to respondents' admission that petitioner's entry of plea was constitutionally flawed,

21 the court will recommend that petitioner's convictions be vacated and his sentence be discharged.

22 See 28 U.S.C. § 2243 (directing court generally to dispose of habeas matters "as law and justice

23 require").  Respondents have not articulated a clear reason or provided authority for their specific

24 proposal that this cause be remanded to the Superior Court of Sacramento County to allow

25

26    [3] The Due Process Clause of the United States Constitution requires that a guilty plea be
both voluntary and intelligent.  Boykin v. Alabama, 395 U.S. 238, 242 (1969).

2

1   petitioner to withdraw his plea there; any such reason is not readily apparent to the undersigned

2   given the current posture of petitioner's case.  Moreover, it does not appear there is any

3   impediment to reinstatement of charges against petitioner in the superior court, in the

4   prosecutor's discretion, if these recommendations are adopted and after these habeas proceedings

5   have concluded.

6           In light of these findings and recommendations, the court has determined that the

7   interests of justice require appointment of counsel for the remainder of these proceedings.  See

8   18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

9           In accordance with the above, IT IS HEREBY ORDERED that:

10          1.  The Federal Defender is appointed to represent petitioner.

11          2.  The Clerk of the Court is directed to serve a copy of this order and findings and

12  recommendations on David Porter, Assistant Federal Defender.

13          3.  Petitioner's counsel shall contact the Clerk's Office to make arrangements for

14  copies of documents in the file.

15          IT IS HEREBY RECOMMENDED that:

16          1.  Petitioner's application for a writ of habeas corpus be granted;

17          2.  Petitioner's convictions in Sacramento Superior Court case 00F03192 be

18  vacated; and

19          3.  Petitioner be discharged from any part of his sentence that remains to be

20  served.

21          These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

23  days after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26  shall be served and filed within ten days after service of the objections.  The parties are advised

3

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 16, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1
sylv1301.157