IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK SYLVESTER,

    Petitioner,        No. CIV-S-03-1301 GEB KJM P

  vs.

SCOTT P. RAWERS, et al.,      ORDER AND AMENDED

    Respondents.        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding with counsel with an application for writ of habeas corpus under 28 U.S.C. § 2254. On August 16, 2006, this court issued findings and recommendations which read, in pertinent part as follows:

> In his application, petitioner asserts that a term of his plea agreement was that he would receive one day of good conduct sentence credit for every two days served in prison, such that he would serve "50% time." Pet. at 5. Petitioner claims his plea agreement was breached because he actually received good conduct sentence credit at the rate of 15 days for every 100 days served, such that he was required to serve "85% time." Id. Petitioner asks for specific performance of the plea agreement he believes he accepted. Traverse at 3:1-4:20. Without deciding whether this court would even have authority to do so, the court notes that ordering specific performance of petitioner's plea agreement at 50 percent time would afford petitioner no relief because he has now been released from prison.

/////

1

Respondents do not necessarily agree that 50 percent time was a term of petitioner's plea agreement. Answer at 6:7-8. However, respondents admit that petitioner did not plead guilty "'with the full understanding of the consequences' of his plea." Id. at 2:24, 6:15-22. While respondents cite to 28 U.S.C. § 2254(d) in their answer, they do not discuss the application of that statute to this case, or argue that it bars granting a writ based on petitioner's request. See Answer at 3-7. Rather, because petitioner's guilty plea was not fully informed,[1] as respondents concede, respondents ask that this action be returned to the Superior Court of Sacramento County, and petitioner be given an opportunity to withdraw his guilty plea. Id. at 6:18-22.

After careful consideration of the record before the court, and giving appropriately great weight to respondents' admission that petitioner's entry of plea was constitutionally flawed, the court will recommend that petitioner's convictions be vacated and his sentence be discharged. See 28 U.S.C. § 2243 (directing court generally to dispose of habeas matters "as law and justice require"). Respondents have not articulated a clear reason or provided authority for their specific proposal that this cause be remanded to the Superior Court of Sacramento County to allow petitioner to withdraw his plea there; any such reason is not readily apparent to the undersigned given the current posture of petitioner's case. Moreover, it does not appear there is any impediment to reinstatement of charges against petitioner in the superior court, in the prosecutor's discretion, if these recommendations are adopted and after these habeas proceedings have concluded.

On September 9, 2005, petitioner filed objections to the findings and recommendations. Petitioner reiterates that his plea agreement was breached by the prosecution and asks that the court either: (1) order respondents to discharge petitioner from his sentence completely, or (2) order that any time credits petitioner earned while in prison pursuant to his plea agreement that were not counted against petitioner's term of incarceration now be counted against petitioner's term of parole.[2] Objections at 14. Petitioner abandons any claim that his

/////

---

[1] The Due Process Clause of the United States Constitution requires that a guilty plea be both voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242 (1969).

[2] At a hearing held July 17, 2006, counsel for petitioner informed the court that petitioner was back in state prison based on a parole violation. At a status conference held September 12, 2007, counsel confirmed petitioner was still incarcerated.

plea was entered into involuntarily and any claim that might result in petitioner's being allowed or required to withdraw his plea. In light of petitioner's objections and his current stance, the court's August 16, 2007 findings and recommendations will be vacated and the court will analyze petitioner's claim that his plea agreement was breached.

The court notes that petitioner filed a motion to expand the record on December 7, 2007. Respondent has not opposed petitioner's motion. Good cause appearing, the motion will be granted, the record will be expanded to include the documents attached to petitioner's motion and the court will consider those exhibits in analyzing petitioner's remaining claim.

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA"). See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[3] Courts are not required to

---

[3] In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta." However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain

address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S.

---

relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.  Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief.  See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

1  919 (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial
2  of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court
3  must perform an independent review of the record to ascertain whether the state court decision
4  was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other
5  words, the court assumes the state court applied the correct law, and analyzes whether the
6  decision of the state court was based on an objectively unreasonable application of that law.

7       It is appropriate to look to lower federal court decisions to determine what law has
8  been "clearly established" by the Supreme Court and the reasonableness of a particular
9  application of that law.  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

10       Petitioner asserts in his habeas application that it was a term of his plea agreement
11  that he would receive "50% time."  He claims that his attorney, the prosecution and the trial court
12  judge all agreed that petitioner would receive 50 percent time.  In support of these assertions,
13  petitioner points to the following:

14       1) A letter addressed to petitioner from his trial counsel in which trial counsel
15  indicates it was counsel's understanding that petitioner would receive 50 percent time.  Pet., Ex.
16  D.  After counsel was appointed in this case, petitioner presented an affidavit from trial counsel
17  in which trial counsel indicates it was part of petitioner's plea agreement that he could earn up to
18  50 percent time.  Objections, Attach. 3.

19       2) Following his sentencing hearing, petitioner was given an extra 58 days credit
20  against his prison sentence in addition to credit for the actual 119 days he spent in custody prior
21  to sentencing.  Pet., Ex. A at 3.

22       3) At sentencing the trial judge indicated that petitioner would receive 50 percent
23  time because none of his prior crimes was considered a "violent felony" under California law.
24  Pet. at 17.

25  /////
26  /////

1        4) A notation made by the prosecuting attorney in the state criminal case file that
2  the offer made to petitioner concerning his sentence be "@ 50%." December 7, 2007 Mot. To
3  Expand, Ex. 1.
4        5) Nearly one and a half years after sentencing, a California Department of
5  Corrections official informed the Superior Court of Sacramento County that due to a change in
6  the law that occurred approximately five months before petitioner was sentenced, petitioner's
7  felonies are "violent felonies," which limits the rate petitioner can receive good time to 15
8  percent, or 15 days for every 100 days served. Pet., Ex. B.
9        6) In response to that letter, the trial court reduced petitioner's sentence credit to
10 17 days for 119 days spent in custody. Pet., Ex. C at 3.
11       Based on the portions of the record identified above the court finds that at the time
12 petitioner pled guilty petitioner, his trial counsel and the prosecution believed petitioner would
13 receive 50 percent time. At the time he was sentenced, petitioner, his trial counsel, the
14 prosecution and the trial court all believed petitioner would receive 50 percent time. Petitioner
15 and his counsel assert as much, respondent has not objected to this characterization after the
16 court's discussion of it at hearing on September 12, 2007, and all the evidence before the court
17 supports this conclusion.
18       Petitioner argues that, under <u>Santobello v. New York</u>, 404 U.S. 257 (1971), the
19 court should order specific performance of the plea agreement including a 50 percent time
20 provision. In <u>Santobello</u>, the Supreme Court found that a violation of the Constitution occurs
21 when the prosecution fails to keep promises made or honor inducements offered in the context of
22 reaching a plea agreement. However, <u>Santobello</u> does not provide petitioner with a basis for
23 relief in this action as nothing before the court indicates that at the time of entry of petitioner's
24 guilty plea the prosecution promised petitioner he would receive 50 percent time, or otherwise
25 put forth the 50 percent time as an inducement upon which the prosecution could deliver. <u>See</u>
26 Objections, Attach. 1 at 3:14-20, 4:7-18:9. Furthermore, when petitioner was asked during guilty

1  plea proceedings if anyone had made any promises with respect to petitioner's guilty plea other
2  than those identified in court on the record, petitioner responded, "No." Id. at 13:20-24.
3  Moreover, in California, the manner in which good time is calculated is statutory and not
4  properly, by itself, negotiable in plea negotiations. See Cal. Penal Code § 2930 et seq.

5  Citing Buckley v. Terhune, 441 F.3d 688 (9th Cir. 2006) for support, petitioner
6  argues that the proper focus in analyzing his breach of contract claim is on his "objectively
7  reasonable expectations." Petitioner mischaracterizes the proposition articulated in Buckley.
8  Buckley indicates that in interpreting a plea agreement that has conflicting terms, the court
9  considers the objectively reasonable expectations of the parties in resolving the terms. Id. at 696-
10  96. However, there is no evidence of conflicting terms in petitioner's plea agreement. Rather,
11  the parties all understood that petitioner would receive 50 percent time.

12  As the court informed the parties at hearing on September 12, 2007, it appears that
13  what happened in this case is best described as a mistake of law made by the parties, and the trial
14  court at the time of sentencing, resulting in petitioner's pleading guilty without a proper
15  understanding of the terms of his plea agreement. Following a careful review of the law
16  applicable to the question presented by this petition at this time, the court concludes there is no
17  authority for the proposition that the court can order specific performance of the illegal 50
18  percent time provision simply because the parties and the court were mistaken about the
19  applicability of the 50 percent provision.

20  In any event, any breach of plea agreement claim brought by petitioner is barred
21  by 28 U.S.C. § 2254(d). Petitioner presented his breach of plea agreement claim at all three
22  levels of California's courts. Answer, Exs. B-H. Only the Superior Court of Sacramento County
23  /////
24  /////
25  /////
26  /////

issued a reasoned opinion with respect to petitioner's claim:

> Petitioner's first contention is that 50 per cent credits were part of his plea bargain. If this were true, the agreement would have been recorded at the time of change of plea or at sentencing, and the record shows no mention of such an agreement.

Answer, Ex. C.

In light of the facts presented to the Superior Court of California, the Superior Court's rejection of petitioner's claim of breach was not based upon an unreasonable interpretation of the record before it. Also, nothing suggests the decision was not made in accordance with Constitutional law.

The court has contemplated holding an evidentiary hearing in order to create a more factually complete record, and asked the parties to submit briefs as to whether the court could or should do so. Title 28 U.S.C. § 2254(e)(2) precludes the court from holding an evidentiary hearing if the petitioner was not diligent in developing the factual basis of his claim in state court. Williams v. Taylor, 529 U.S. 420, 435 (2000). At a minimum, a habeas petitioner must generally seek an evidentiary hearing in state court to satisfy the diligence requirement found in Williams. Id. at 437.

After petitioner filed his application for writ of habeas corpus in the California Court of Appeal, the Court of Appeal ordered the State to file a response. August 25, 2003 Mot. to Dismiss, Ex. E. Under California law, petitioner could have requested an evidentiary hearing following the state's response. Horton v. Mayle, 408 F.3d 570, 582 n.6 (9th Cir. 2005). Petitioner did not do so. See Answer, Ex. D. Therefore, the court is barred by 28 U.S.C. § 2254(e)(2) as interpreted by the Supreme Court in Williams from holding an evidentiary hearing.

/////
/////
/////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued by this court on August 16, 2006 are vacated;

2. Petitioner's December 7, 2007 motion to expand the record is granted; and

3. The record is expanded to include the documents attached to petitioner's December 7, 2007 motion.

IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 8, 2008.

_____
U.S. MAGISTRATE JUDGE

1/sylv1301.157(1)